Francis J. O'Reilly, Esq.
Attorney for the Debtors
1961 Route 6,
Carmel, NY 10512
Tel. No. 845-225-5800
Francis J. O'Reilly, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re                                                              Chapter 11

MICHAEL FINNEGAN, SR.,                                             Case No. 17-36469(CGM)

                        Debtor.

-------------------------------------------------------------------X

## MOTION TO APPROVE SETTLEMENT

**TO THE HON. CECELIA G. MORRIS,
CHIEF UNITED STATES BANKRUPTCY JUDGE:**

      Michael Finnegan, Sr., by his attorney, Francis J. O'Reilly, Esq., for his Motion to Approve a Settlement among Storm King Building Co., Inc. ("Storm King"); Pietrzak and Pfau Engineering & Surveying, PLLC ("PPES"); Mr. Michael Finnegan, Sr.; and Thomas Endres (the "Settlement") respectfully represents:

### INTRODUCTION

1. On August 30, 2017 Mr. Finnegan filed a voluntary Chapter 11 petition.

2. Mr. Finnegan continues to manage his property and operate his business.

3. No Chapter 11 trustee has been appointed.

4. No creditors committee has been appointed.

5. Mr. Finnegan has devoted most of his professional life to public service.

1

6. Mr. Finnegan filed because of a failed business venture in which he lost his life savings.

7. The purpose of the Settlement is to enable Col. Endres and Mr. Finnegan to obtain closure of this unfortunate chapter in their lives.

## BACKGROUND

8. Mr. Finnegan was a member of Continental Organics, LLC. Continental Organics, LLC was intended to grow organic produce and employ veterans.

9. Mr. Finnegan invested his life savings in Continental Organics, LLC. Unfortunately, Continental Organics, LLC never became operational, and Mr. Finnegan lost his investment.

10. Storm King was the general contractor contracted to build a greenhouse for Continental Organics, LLC. It is alleged that Storm King did a horrendous job in constructing the greenhouse that led to demise of Continental Organics, LLC.

11. PPES was the architect that approved progress payments for Storm King. It is alleged that PPES never should approved some of the progress payments for Storm King.

12. Storm King and PPES filed civil actions against Mr. Finnegan: *Storm King Building Co., Inc. v. Continental Organics, LLC et al*, 16 cv 9205(VB) and *Pietrzak and Pfau Engineering & Surveying, PLLC v. Continental Organics, LLC et al*, 16 cv 9252(VB);

13. Pursuant to an order from United States District Judge Vincent Brichetti, Storm King, PPES, Mr. Finnegan and Col. Endres engaged in mediation. Barry Fertel, Esq. was appointed the mediator.

14. On March 1, 2018, Storm King, PPES, Mr. Finnegan and Col. Endres reached a settlement.

2

## THE SETTLEMENT

15. A copy of the Settlement agreement is attached as Exhibit A.

16. The terms of the settlement are the following: Mr. Finnegan and Col. Endress will pay $20,000.00 to Storm King and PPES in satisfaction of all the claims that Storm King and PPES have against Mr. Finnegan and Col. Endress. All of the pending actions commenced by Storm King and PPES against Mr. Finnegan and Col. Endress will be dismissed with prejudice. The parties will exchange general releases and agree not to disparage one another.

## LEGAL AUTHORITY FOR THE SETTLEMENT

17. Federal Rule of Bankruptcy Procedure 9019(a) authorizes the settlement of claims by a debtor-in-possession. Fed. R. Bankr. P. 9019(a).[1] The decision whether to approve a particular compromise lies within the discretion of the Bankruptcy Judge. *In re Texaco, Inc.*, 84 B.R. 893, 901 (Bankr. S.D.N.Y. 1988).

18. In approving a compromise a Bankruptcy Court is required to make an informed and independent judgment as to whether a settlement is "fair and equitable" and "in the best interests of the estate." *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. .S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).

19. A court is not required to conduct an independent investigation in formulating its opinion as to the reasonableness of the settlement. *In re Drexel Burnham Lambert Group, Inc.*,

---

[1] Federal Rule of Bankruptcy Procedure 9019(a) states:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

3

134 B.R. 493, 496 ( Bankr. S.D.N.Y. 1991). Instead, a court must canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness. *Plaza Equities, LLC v. Pauker (In re Copperfield Investments, LLC)*, 401 B.R. 87, 91 (Bankr. E.D.N.Y. 2009); *In re Adelphia Communications Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005).

20. The settlement need not be the best that the debtor could have obtained. *In re Adelphia Communications Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). The settlement must fall within the reasonable range of litigation possibilities. *In re Adelphia Communications Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005).

21. The court is entitled to give weight to the opinion of the parties and their attorneys that the settlement is fair and equitable. *In re Barbieri*, 2009 WL 5216963 *6 (Bankr. E.D.N.Y.); *In re Ashford Hotels, Inc.*, 226 B.R. 797, 803 (Bankr. S.D.N.Y. 1998).

22. Similarly, the Bankruptcy Court need not conduct a 'mini-trial' to determine the merits of the underlying litigation. *In re Purofied Down Products, Inc.*, 150 B.R. 519, 522 (S.D.N.Y. 1993).

## THE *IRIDIUM* FACTORS

23. The United States Court of Appeals for the Second Circuit has held that the following factors should be utilized in order to determine whether a settlement should be approved:

> Those interrelated factors are: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, "with its attendant expense, inconvenience, and delay," including the difficulty in collecting on the judgment; (3) "the paramount interests of the creditors," including each affected class's relative benefits "and the degree to which creditors either do not object to or affirmatively support the proposed settlement"; (4) whether other parties in interest support the settlement; (5) the "competency and experience of counsel" supporting, and "[t]he experience and knowledge of the bankruptcy court judge" reviewing, the settlement; (6)

4

"the nature and breadth of releases to be obtained by officers and directors"; and (7) "the extent to which the settlement is the product of arm's length bargaining."

*Iridium Operating LLC v. Official Committee of Unsecured Creditors (In re Iridium Operating LLC)* 478 F.3d 452, 462 (2nd Cir. 2007).

### *The Balance Between the Litigation's Possibility of Success and the Settlement's Future Benefits*

24. Mr. Finnegan benefits from the Settlement because he settles the claims of Storm King and PPES for $10,000.00.

25. Mr. Finnegan will obtain general releases from two hostile creditors that could have non-dischargeable claims.

26. The Settlement will be a major step in the resolution of the Finnegan Chapter 7 case.

27. Bankruptcy Code Section 523(a)(4) dischargeability adversary proceedings are difficult to defend against because New York Lien Law actions are tantamount to strict liability actions. Mr. Finnegan's potential exposure is in excess of $100,000.00.

28. Under these circumstances, the Settlement is beneficial for Mr. Finnegan.

### *The Likelihood of Complex and Protracted Litigation, "with its Attendant Expense, Inconvenience, and Delay," Including the Difficulty in Collecting on the Judgment*

29. Storm King and PPES have demonstrated their willingness to litigate. This litigation would be expensive for Mr. Finnegan.

30. The Settlement avoid expensive and vexatious for Mr. Finnegan.

### *The Paramount Interests of the Creditors, Including Each Affected Class's Relative Benefits "and the Degree to Which Creditors Either Do Not Object to or Affirmatively Support the Proposed Settlement*

31. Mr. Finnegan lost his life savings.

32. Mr. Finnegan paying "nuisance" value to resolve these claims.

5

33. Under these circumstances, the other creditors will not be prejudiced by this Settlement.

*Whether Other Parties in Interest Support the Settlement*

34. It is envisioned that no party in interest will object to the Settlement.

*The "Competency and Experience of Counsel" Supporting, and "[t]he Experience and Knowledge of the Bankruptcy Court Judge" Reviewing, the Settlement*

35. The Settlement was mediated by a mediator appointed by the United States District Court for the Southern District of New York.

36. Mr. Finnegan is represented by Francis J. O'Reilly, Esq. and Carlos J. Cuevas, Esq. Messrs. O'Reilly and Cuevas have more than fifty-five years of bankruptcy experience. Chief Judge Morris is one of the leading Bankruptcy Judges in the United States.

*The Nature and Breadth of Releases to Be Obtained by Officers and Directors*

37. This factor is inapplicable.

*The Extent to Which the Settlement Is the Product of Arm's Length Bargaining*

38. The Settlement is the product of court ordered mediation in the United States District Court for the Southern District of New York.

## CONCLUSION

39. For the reasons set forth herein, the Settlement should be approved.

40. No prior application for the relief sought herein has been made.

WHEREFORE, the Movant respectfully requests that this Court approving a settlement among Storm King Building Co., Inc.; Pietrzak and Pfau Engineering & Surveying, PLLC; Mr. Michael Finnegan, Sr.; and Thomas Endres; and granting such other and further relief as this Court deems just and equitable.

Dated: Carmel, New York
      August 14, 2018

                          FRANCIS J. O'REILLY, ESQ.
                          Attorney for Michael Finnegan, Sr.

                          By:/s/Francis J. O'Reilly
                              Francis J. O'Reilly
                              1961 Route 6,
                              Carmel, NY 10512
                              Tel. No. 845-225-5800